IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITE HERE HEALTH, et al., | CIVIL ACTION |
| Plaintiffs, | No. 12-C-6105 |
| vs. | Hon. HARRY D. LEINENWEBER |
| THE PITTSBURGH ATHLETIC ASSOCIATION, | |
| Defendant. | |

## DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Defendant Pittsburgh Athletic Association (hereinafter, "PAA"), by its attorneys, submits this Memorandum In Opposition to the Motion for Summary Judgment filed by Unite Here Health (hereinafter, "Plaintiff").

### SUMMARY OF RELEVANT FACTS

PAA incorporates by reference its "Defendant's Response To Plaintiff's Local Rule 56.1 Statement Of Uncontested Material Facts" ("PAA 56.1 Statement").

In summary thereof, PAA acknowledges that it was bound by a collective bargaining agreement (the "CBA") for the period November 1, 2008 through February 28, 2011. (PAA 56.1 Statement, Page 1, Para. 4). Plaintiff admits that the CBA expired terminated by its own terms on February 28, 2011 (Plaintiff's Memorandum, Page 3), and there is no record of the parties entering into any negotiations for a new collective bargaining agreement.

Most of the other salient "facts" asserted by Plaintiff as to the alleged indebtedness of PAA are conclusions produced by inadmissible testimony, including hearsay. To the extent they are not, they are controverted by the affidavit testimony of Joseph Dengler, PAA's. general manager. Moreover, what Plaintiff attempts to pass off as "facts" – about the one-year extension

1

of the CBA obligations from the termination date of February 28, 2011, to February 28, 2012 – are actually legal argument relating to the meaning of the CBA and Trust Agreement provisions.

## DISCUSSION

Under the Rule 56, Fed.R.Civ.P., the burden is on the movant to establish, based on admissible evidence of record, that there is no material dispute of fact that requires a trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249-250 (1986). A genuine dispute about a material fact exists when "the evidence is such that a reasonable jury could return a verdict for that party." *Id.* at 251.

As Plaintiff correctly acknowledges, any determination of the existence of an unresolved genuine issue of material fact is to be made through a consideration of the evidence "in the light most favorable to the nonmoving party." *Lawrence v. Kenosha County,* 391 F.3d 837, 841 (7th Cir. 2004). Plaintiff's Memorandum, at Page 4.

The fundamental legal flaw in Plaintiff's argument is that Section 9.04 of the Trust Agreement (PAA 56.1 Statement, Page 3) requires an employer's obligation to continue to make timely contributions to the Welfare Fund under the CBA after the CBA has expired *only* when "a new or renewal collective bargaining agreement or participation agreement is being negotiated." That ongoing negotiation requirement is why the continuation of that obligation can be terminated only by: "(a) impasse followed by a strike…(b) the Employer has submitted…a written notice of termination which states the legal basis for the termination and which has been approved by the Fund Executives…[or] (c) the end of the 12th [sic] month period following the expiration…."

Clearly, the CBA contemplates continuing contribution obligations for any gap period between the expiration of one CBA and the enactment of its successor, even if it takes up to twelve months to agree upon a new CBA. In the absence of negotiations for such a successor

2

agreement, however, there can be no "gap period"; and the expiration of the CBA without negotiations indisputably signifies a termination of the employer's contribution obligation as well.

Even if this Court were to disagree with such a reading of Section 9.04, however, Plaintiff's Rule 56.1 statement provides a woefully inadequate factual record on which this Court can render a judgment for Plaintiff as a matter of law: seventeen paragraphs of *ipse dixit* "facts" do not provide a sufficient basis for judgment in Plaintiff's favor as a matter of law.

And to the extent any of Plaintiff's Rule 56.1 "facts" are not inadmissible, PAA has created a disputed issue of material fact with respect to which payments were made by PAA to Plaintiff. Moreover, Plaintiff has presented no evidence that it is entitled to the payment of a "termination fee" – without which fee Plaintiff has been paid in full. Accordingly, there is no basis for Plaintiff's claim for unpaid contributions; and without a basis for that claim, Plaintiff also has no right to recover interest, liquidated damages, audit costs and attorneys' fees.

## CONCLUSION

For all the reasons stated herein, Plaintiff's summary judgment motion should be denied.

Respectfully submitted,

/s/ Robert J. Trizna
One of Defendant's attorneys

Robert J. Trizna (ARDC No. 3123760)
Diana H. Psarras (ARDC No. 6283780)
ROBBINS, SALOMON & PATT, LTD
180 North LaSalle Street
Suite 3300
Chicago, Illinois 60601
(312) 782-9000
rtrizna@rsplaw.com
dpsarras@rsplaw.com

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys of record for Defendant, certifies that on May 24, 2013, he caused the foregoing document,

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

to be electronically filed with the Clerk of the United States District Court for the Northern District of Illinois using the CM/ECF system, which will send notification of such filing to the following:

Laura M. Finnegan
BAUM SIGMAN AUERBACH & NEUMAN
200 West Adams Street, Suite 2200
Chicago, Illinois 60606-5231
lmfinnegan@baumsigman.com

/s/ Robert J. Trizna
One of Defendant's attorneys

Robert J. Trizna (ARDC No. 3123760)
ROBBINS, SALOMON & PATT, LTD
180 North LaSalle Street
Suite 3300
Chicago, Illinois 60601
(312) 782-9000
rtrizna@rsplaw.com